FILED
2013 Mar-22  PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**MARGO L. STANFORD-REARICK,**         }
                                        }
   **Plaintiff,**                       }
                                        }
v.                                      }   Case No.: 5:11-cv-03435-RDP
                                        }
**MICHAEL J. ASTRUE, COMMISSIONER OF**  }
**SOCIAL SECURITY,**                    }
                                        }
   **Defendant.**                       }

## MEMORANDUM OF DECISION

Plaintiff Margo Stanford-Rearick brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act ("the Act") seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").  42 U.S.C. §§ 405(g) and 1383(c)(3).  Based upon a review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

### I.  Proceedings Below

Plaintiff filed applications for DIB and SSI on January 23, 2008, alleging disability beginning on August 30, 2002 due to vision problems and migraines.  (Tr. 71, 75).  Plaintiff's applications were initially denied on April 18, 2008.  (Tr. 54).  Plaintiff requested and received a hearing before Administrative Law Judge Robert L. Hodges on January 20, 2010 in Huntsville, Alabama.  (Tr. 27).  In his decision, issued on April 12, 2010, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled under the Act from the alleged onset date through the date the decision was issued.  (Tr. 12, 15).

Six months after the ALJ issued his decision, Plaintiff requested and received an eye exam from the Alabama Vocational Rehabilitation Service, dated October 17, 2010, (Tr. 175) and a vocational assessment from Phoenix Vocational Services. (Tr. 176-79). The report from the vocational assessment, conducted on October 30, 2010, concluded that "[Plaintiff] does not exhibit potential for employment at this time [the time the assessment was conducted] based on her medical condition." (Tr. 176, 179). Plaintiff submitted this assessment to the Appeals Council on May 25, 2011 to supplement her request for review of the ALJ's decision. (Tr. 171-73). The Appeals Council evaluated the additional evidence along with the record and found that the new evidence did no provide a basis for changing the ALJ's decision. (Tr. 1-2). The Appeals Council therefore denied Plaintiff's request to review the ALJ's decision. (Tr. 1). That denial became the final decision of the Commissioner, making this case a proper subject for this court's review. 42 U.S.C. §§ 405(g) and 1383(c)(3).

At the time of the hearing, Plaintiff was a thirty-three year-old, single mother of five. (Tr. 32, 41, 43). Plaintiff had a high school education with some college experience. (Tr. 43). Plaintiff has had no previous work experience. (Tr. 44). During the hearing, Plaintiff alleged disability beginning on August 30, 2002 due to vision problems and migraines. (Tr. 33, 36).

Plaintiff testified that she contracted viral encephalitis as a child, which damaged the part of her brain that processes vision. (Tr. 33-35). As a result, Plaintiff's vision is consistently blurry, lacks depth perception, and constantly depicts everything "moving up and down." (Tr. 35-56). This condition, Plaintiff noted, qualified her for disability benefits when she was in her late teens. (Tr. 32). Plaintiff told the ALJ that this visual impairment was so severe that it once caused her to totally destroy her car in an auto collision. (Tr. 35).

On April 8, 2008, Plaintiff underwent a consultative eye examination at the request of the Social Security Administration.  (Tr. 260-62).  The examiners found Plaintiff to have normal field vision and normal muscular function, but noted minimal function in Plaintiff's binocular vision due to nystagmus (the inability to fixate).  (Tr. 260-61).  Plaintiff was also found to have minimal depth perception.  (Tr. 261).  Plaintiff was cautioned to avoid tasks requiring fine acuity, depth perception, or balance.  (*Id.*).

As for her migraines, Plaintiff testified that she suffers migraine headaches four to five times per week.  (Tr. 34).  She had received medication for her migraines in the past, but was not receiving treatment for migraine headaches at the time of the hearing.  (Tr. 37-38).

## II. ALJ's Decision

Disability under the Act is determined under a five-step test.  20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. § 404.1572(a).  "Gainful work activity" is work that is done for pay or profit.  20 C.F.R. § 404.1572(b).  If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability.  20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii).  Absent such impairment, the claimant may not claim disability.  *Id.*  Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled.  20 C.F.R. § 404.1520(a)(4)(iii).

3

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

In the instant case, the ALJ determined that: (1) Plaintiff did not engage in substantial gainful activity between August 30, 2002 and the time of the hearing (Tr. 17); and (2) Plaintiff has medically determinable impairments that more than minimally affect her ability to perform work-related activities (*Id.*); but (3) none of these impairments or combination of these impairments meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 18-19). The ALJ detemined that Plaintiff retained the RFC to perform light work in an eight-hour day with no tasks involving depth perception, visual acuity, and balance. (Tr. 19-21). Plaintiff has no previous work experience, so the ALJ proceeded to step five of his

analysis and determined, using his RFC findings, that jobs do exist in sufficient numbers in the national ecomony that Plaintiff can perform. (Tr. 21).

### III. Plaintiff's Argument for Reversal

Plaintiff raises two arguments for reversing or remanding the ALJ's decision. First, Plaintiff asserts that the Appeals Council gave only a perfunctory consideration of the new evidence that was proffered a year after the ALJ issued his decision and, therefore, remand is warrented. (Pl.'s Mem. 6). Second, Plaintiff argues that the ALJ failed to properly consider her impairments in combination, and claims that was reversible error. (Pl.'s Mem. 7).

### IV. Standard of Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence or whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Substantial evidence is more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also Martin v. Sullivan*, 894 F.2d at 1529. If supported by substantial evidence, the Commissioner's factual findings must be affirmed, even if the record preponderates against the Commissioner's findings. *Crawford v.*

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also Martin*, 894 F.2d at 1529. Legal standards are reviewed *de novo*. *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).

## V.  Discussion

The court now considers Plaintiff's two arguments in turn. For the reasons stated below, the court concludes that the ALJ's decision is supported by substantial evidence and correct legal standards were applied.

### A.  The Appeals Council was Not Required to Consider New Evidence Not Related to the Relevant Disability Period

As Plainitff notes, the Appeals Council is required to evaluate "new and material evidence submitted to it if it relates to the period on or before the date of the administrative law judge hearing decision." (Pl.'s Mem. 6), citing *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994); *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b) ("Appeals council shall evaluate the entire record including the new and material evidence submitted to it if it relates to the period on or before the date of the administrative law judge hearing decision"). Plaintiff argues that the Appeals Council inadequately evaluated the new evidence she submitted in May 2011, the visual exam and vocation assessment that were taken in October of 2010.[1] (Pl.'s Mem. 6). This argument, however, overlooks one important requirement: the new, material evidence must "relate[] to the period on or before the date of the administrative law judge hearing decision" for the Appeals Council to be required to evaluate it. 20 C.F.R. §§ 404.970(b), 416.1470(b).  Reports from the visual exam and the vocational

---

[1] Plaintiff's argument resembles an argument the court recently addressed in *Girchuru v. Astrue*, 2:11-cv-04203-RDP (Doc. #11). However, the court need not examine the Eleventh Circuit precedent it considered in *Girchuru* because the evidence at issue here does not relate to the relevant period of disability. Thus, such a review is not warranted.

assessment both indicate that they describe Plaintiff's condition when the tests were administered in October 2010, six months *after* the ALJ issued his decision. (Tr. 175-79). Because this evidence did not relate to the period on or before the date the ALJ issued his decision, the Appeals Council was not obligated to evaluate the evidence in the first place.

To be clear, the court makes no determinations regarding the credibility of the new evidence. It only notes that, because the new evidence does not relate to the period of disability that Plaintiff asked the ALJ to consider (or, for that matter, *could* consider) in reaching his determination, the new evidence can neither support nor undermine the ALJ's findings. This new evidence really concerns a different alleged period of disability, which would be more appropriately introduced through a new application for Social Security benefits.

B. **The ALJ Properly Considered Plaintiff's Impairments in Combination**

Plaintiff's second contention is that the ALJ failed to properly consider her impairments in combination. (Pl's Mem. 7). This allegation, however, is unsupported by the record. The ALJ clearly indicated in his decision that he "considered all symptoms" when he made his RFC determination after he explicitly concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in [the listings]." (Tr. 18-19). The Eleventh Circuit has made clear that a statement by an ALJ that he does not consider a claimant to have an impairment or combination of impairments that meets or medically equals a listing is sufficient to show that the ALJ considered whether a claimant's impairments in combination would meet or medically equal a listing. *See Wilson v. Barnhart*,

284 F.3d 1219, 1224-25 (11th Cir. 2001); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986).  This argument, therefore, misses the mark.

## VI.  Conclusion

The court concludes that the ALJ's findings are supported by substantial evidence and the correct legal standards were applied. Therefore, the decision of the Commissioner is due to be affirmed.  A separate order will be entered.

**DONE** and **ORDERED** this ___22nd___ day of March, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE